[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff claims it supplied concrete to the defendant pursuant to an oral contract. The suit alleges it is owed $21,731.59 for the concrete it supplied to the defendant.
It is a basic tenet of contract law that in order for a contract to exist, there must be a mutual understanding or a meeting of the minds as to the essential elements of an agreement. (Citations omitted).
The plaintiff is required to prove by a preponderance of the evidence that the parties did, in fact, enter into a contract. That issue is a question of fact based on the evidence presented. See L R Realty v. Conn. National Bank (and cases cited therein)53 Conn. App. 524, 534 (1999).
The evidence in this case far from proves any mutual agreement that Richard Cheney contracted with Builders Concrete to pay for the concrete in question. It was only after the Brand-Rex Corporation declined to pay for the concrete supplied to its job site that the plaintiff even attempted to get Cheney to pay for it.
In this case Cheney and Brand-Rex contracted for Cheney to install a concrete driveway at its manufacturing facility in Willimantic for a cost of $65000.
Cheney went to the office of Builders Concrete to discuss the job and the required specifications.
Cheney and Builders Concrete had done business in the past, but because of problems in receiving payment, Builders Concrete had Cheney on a COD basis only. They would not supply Cheney with concrete on an open account.
Both Cheney and Builders Concrete understood that Brand-Rex CT Page 15935 would pay for the concrete. The sales manager for Builders Concrete, Joseph Tardiff testified that he expected Brand-Rex to pay for the concrete. Builders Concrete quotation for the concrete was addressed to Brand-Rex and it sent its invoices for the concrete to Brand-Rex.
Indeed, when Brand-Rex declined to pay the invoices, Builders Concrete sued Brand-Rex and did not name Cheney as a party defendant. That law suit was settled for $5000 and Builders Concrete then sued Cheney.
In addition, the then plant manager for Brand-Rex, Richard Lemire, credibly testified that he negotiated the contract between Brand-Rex and Cheney and that the cost of the concrete was not included in the contract. He testified that Brand-Rex was supposed to pay for the concrete. He (Lemire) was aware that Cheney had credit problems and so they deviated from the usual practice of having a purchase order include both labor and material. The purchase order which was issued to Cheney from Brand-Rex reads in relevant part "to cover the cost for all labor and equipment required. . . ." Significantly, the word "material" is omitted from the purchase order. The plaintiff argues that the purchase order refers to the quotation form submitted by Cheney which contains preprinted form language reading "we hereby propose to furnish the materials and perform the labor necessary for the completion of concrete driveway", but that argument is unconvincing of a contract between these parties, especially in light of the substantial evidence otherwise, which included the person who actually negotiated the contract on behalf of Brand-Rex with Cheney. The buyer for Brand-Rex who testified for Builders Concrete was not part of the bid process or the negotiations and his interpretation of the agreement is not compelling when compared to an actual participant.
The fact that Cheney called Builders Concrete to arrange for delivery of the concrete does not establish his liability for payment under the facts of this case. He had a contract with Brand-Rex to install the driveway and would naturally be expected to order the concrete delivered as needed.
Nor is the Court persuaded by testimony that subsequent to Brand-Rex's refusal to pay for the concrete, Cheney supposedly told Carl Lake at Brand-Rex that he would pay it, and also told the Builders Concrete's attorney that he felt he owed for the concrete. These statements were not unequivocal admissions, but CT Page 15936 appear to have been attempts to get away from a difficult situation by stalling for time. As Cheney testified, he was told by Builders Concrete, Mr. Lake from Brand-Rex and the attorney for Brand-Rex that he owed the money and responded to the effect of "at this point, I may believe I do." This is, at best insufficient evidence of an unequivocal admission by Cheney.
In summary the plaintiff has failed to prove that Cheney contracted with it for payment of the concrete. Indeed, the plaintiffs testimony established it would not have contracted with Cheney to supply him concrete unless it was COD. Its claim of a contract with Cheney was an afterthought, initiated only after it sued Brand-Rex for payment. There was no meeting of the minds on this subject and it was the plaintiffs expectation and understanding that Brand-Rex would pay it, and that is consistent with the evidence in this case as discussed herein.
Accordingly, judgment shall enter for the defendant.
Klaczak, J.